JOHN MAHONEY *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

July 7, 1886.

**Injuries to Property by Fire — Statutory Presumption of Negligence.**
Gen. St. 1878, *c.* 34, § 60, does not change the character of the issue in the action contemplated by it. The issue to be presented by the complaint and tried, is the negligence of the company, or defects in its engines. The section merely raises a presumption which makes out the issue for the plaintiff till it is rebutted.

Plaintiff brought this action in the district court for Stevens county, to recover the value of wheat and oats alleged to have been destroyed by fire thrown from one of defendant's engines by reason of negligence in operating it. The action was tried before *Brown*, J., and a jury, and defendant had a verdict. Plaintiff appeals from an order refusing a new trial.

The plaintiff's third assignment of error is the refusal of the court to charge that "evidence of the defendant's allowing tall grass to grow and remain on its right of way having been received in the case with-

out objection, and the defendant having offered evidence to contradict this evidence, you may, although no issue was raised on that point by the pleadings, consider the testimony offered with a view to determine, (1) if such was a fact; (2) if you find it to be the fact, whether this action or omission on the part of the company amounted to negligence, and (3) whether, by such negligent act, the injury complained of was produced or brought about."

The instructions to the jury complained of in the fourth, fifth and seventh assignments of error were to the effect that negligence is the gist of the action, and that unless the jury found the defendant guilty of negligence, the plaintiff could not recover.

*Brown & Chew*, for appellant.

*R. B. Galusha* and *J. Kling*, for respondent.

Gilfillan, C. J. It was in the discretion of the trial court to allow the questions referred to in the first assignment of error, though not proper cross-examination, to be asked at that stage of the trial. It is often done to avoid recalling a witness. There was evidence of the fact which appellant claims is assumed by the question referred to in the second assignment of errors.

The court was correct in refusing the request to charge as referred to in the third assignment of errors, for it would have made an issue not tendered by the complaint. The evidence referred to in the request was admissible, and, as the court below charged, proper to be considered by the jury on the charge of negligence in operating the engine; for it went to show the degree of care necessary to be used in operating it, under the circumstances. Being admissible upon an issue made by the pleadings, its admission without objection cannot be taken as a consent to try any issue not made by the pleadings. *City of Winona* v. *Minnesota Ry. Const. Co.*, 27 Minn. 415, (6 N. W. Rep. 795, and 8 N. W. Rep. 148.)

The fourth, fifth, and seventh assignments of error may be considered together. They all assume that, in some way, the statute (Gen. St. 1878, c. 34, § 60,) changes the character of the issue to be tried in the actions contemplated by it. The statute itself does not indicate it. The ground of the company's liability in such cases is not the fact that damage by fire scattered from its cars or engines

has been sustained, but its negligence, or defects in the engines. The statute makes the fact of the fire being so scattered *prima facie* evidence of such negligence or defect. The existence of such negligence or defect is still the issue to be presented by the complaint and tried by the jury. The statute merely relieves the plaintiff, he having shown that the fire was scattered by the engine, from taking the initiative upon the issue as to negligence or defect in the engine, by raising a presumption which makes out his case till it is rebutted by defendant. Those three assignments of error are not well founded. There does not appear to be anything in the sixth and eighth assignments.

Order affirmed.