JOHN WEBER v. WINONA & ST. PETER RAILROAD COMPANY.[1]

November 27, 1895.

Nos. 9771—(147).

**Fires Set by Locomotive—Pleading.**

The plaintiff brought this action to recover damages of the defendant, a railroad corporation, upon the ground of its negligence, and in his complaint alleged his cause of action as follows: "The defendant, while operating said line of railroad by its agents and employés, and running over and along the line of track thereof a locomotive engine and train of cars thereto attached, wantonly, carelessly and negligently permitted said engine to drop

---

[1] Reported in 65 N. W. 93.

and scatter coals and sparks of fire," whereby plaintiff's property was damaged. *Held*, that this allegation in the complaint was broad enough to admit evidence of negligence as respects the condition of the engine and the manner of operating it.

Appeal by defendant from an order of the district court for Redwood county, Webber, J., denying a motion for a new trial. Affirmed.

*Brown & Abbott*, for appellant.

*Frank Clague*, for respondent.

BUCK, J. The statute upon which the plaintiff bases his right to recover upon the facts proven provides that "railroad companies * * * shall be liable to any party aggrieved for all damages caused by fire being scattered or thrown from said cars or engines, without the owner * * * of the property so damaged being required to show defect in their engines or negligence on the part of their employés; but the fact of such fire being so scattered or thrown shall be construed by all courts having jurisdiction as prima facie evidence of such negligence or defect." G. S. 1894, § 2700.

The principal question in this case arises upon the sufficiency of an allegation in the plaintiff's complaint, the defendant contending that the statute clearly contemplates two independent charges of negligence, either of which may be the cause of a fire set by an engine, viz.: (1) Defect in the engine; (2) negligence on the part of the employé.

There is ample evidence to justify the finding of the jury that the defendant, while operating its engine, dropped and scattered coals and sparks of fire upon the grass and weeds along its track, which fire spread, burned and destroyed about seven acres of timothy meadow. Upon trial in justice court, plaintiff secured a judgment for $50 damages, and the costs. Before the trial in such court, the defendant filed a written offer to let plaintiff have judgment for $21 and costs, which the plaintiff did not accept. Upon appeal to the district court, after trial by a jury, the plaintiff had a verdict for $53.80. That part of the plaintiff's complaint which the defendant challenges as insufficient is as follows: "The defendant, while operating said line of railroad by its agents and employés, and running over and along the line of track thereof a locomotive engine and train of cars thereto attached, wantonly, carelessly and negligently permitted said engine to drop and scatter coals and sparks of fire."

The statute, by its provisions which we have quoted, relieves the aggrieved party from the necessity of showing in the first instance any defect in the engine of the railroad company, or any negligence upon the part of its employés in operating it.   The substantive cause of action is the negligent scattering or throwing fire upon and injuring the property of the aggrieved party, whether done by a defective engine of the railroad company or by the negligence of its employés in its management.   The burden of showing that the engine was not defective, and that the employés were not negligent in operating it, rests upon the railroad company.   When it is proven that its engines or cars have thrown or scattered fire, and thereby caused injury to the owner of property, it stands legally charged, prima facie, with negligence for which it must answer.

The plaintiff alleged that it wantonly, carelessly, and negligently permitted the engine to drop and scatter coals and sparks of fire, and thereby damaged the property of the plaintiff.   In many instances it might be difficult to ascertain the facts as to whether the damage was a result of a defective engine, or negligence of the employés operating it, or both, and therefore it might be unsafe to so allege in the complaint.   The intent, therefore, of the law becomes manifest when all it requires to be shown is that the engine or cars scattered or threw the fire, and caused the damage, and this constitutes prima facie a case of actionable negligence.   To meet this prima facie case, the railroad company has the right to show that the engine was not defective, and that its employés were not negligent in operating it.   It would not be sufficient, however, to show that it was not negligent in only one of these respects; it must show that it was not negligent in either respect, in order to meet the plaintiff's charge that its cars or engine threw or scattered fire, and thereby caused damage to the owner of the property.

In the trial of the case, the defendant had full opportunity to meet the plaintiff's allegations of its negligence, and it availed itself of that right by introducing evidence to show that its employés were not negligent in the management of the engine, and that its engine was not defective.   It did not satisfy the jury upon these points, and the verdict went against it.   We do not think that there is anything in the case of Mahoney v. St. Paul, M. & M. R. Co., 35 Minn. 361, 29 N. W. 6, in conflict with the views here expressed.   The allegations of the com-

plaint were broad enough to admit evidence of negligence as respects the condition of the engine and the manner of operating it.

The thirteenth assignment of error raises the question of the admission of the evidence of the plaintiff, who testified in his own behalf, and who testified upon redirect examination as to what kind of a crop he had on the balance of the timothy meadow the next year after the fire, there being about five acres of this meadow left untouched by the fire, the witness stating that he got one ton per acre, but gave no evidence as to its value or quality. While this would not have been admissible as establishing a correct measure of damages by reason of the injury by fire to the adjoining seven acres of timothy meadow, yet the defendant's counsel, by his own cross-examination of the witness upon the same subject, rendered it permissible on the part of the plaintiff to thus testify. The defendant's counsel asked the witness on such cross-examination in regard to the condition of the crop of grass around there, and the witness, in response, answered that his crop of grass was not poor, and that he wished he had more of it left. It was in reference to this identical matter drawn out by the defendant's counsel that the plaintiff witness gave his explanatory evidence, and we do not see any error under the circumstances in his so doing.

The fourteenth assignment of error is without merit. The remark of the trial judge in his charge to the jury that "it should weigh the opinions of witnesses with all the other evidence in the case, including the evidence of what it would cost to restore the land to the same condition as it was in before the fire, of what might be realized from other crops, if any such appears," was based entirely upon the defendant's own evidence. The plaintiff did not introduce any such affirmative evidence, and it is very apparent that such charge of the court was given for the benefit of the defendant, based upon its attempt by its own evidence to show that the expense of restoring the land to the same condition as it was before the fire was less than the damages claimed by the plaintiff. It ought not to complain that the court, in its charge, gave it the benefit of its own testimony upon this point. We find no error in the charge of the court, and the various requests of the defendant to charge the jury were covered by the general charge of the court, or else were immaterial and not pertinent to the case.

The order denying the defendant's motion for a new trial is therefore affirmed.