LAVERNE CITRUS ASSOCIATION v. CHICAGO GREAT WESTERN
RAILWAY COMPANY.[1]

February 5, 1909.

Nos. 15,925—(65).

**Injury to Fruit in Transit—Change of Theory on Appeal.**

In an action for damages for injury to a carload of lemons, it was
alleged that the lemons were shipped from a point in California to
Chicago; that before their arrival they were, by order of shipper, di-
verted to Des Moines, and subsequently ordered sent on to the original
consignee in Chicago; that the lemons arrived in Chicago in a damaged
condition; and that the defendant, the last carrier, was liable for the
damage. The answer denied the charge of negligence; alleged the di-
version of the lemons to Des Moines, the refusal of the consignee there
to receive them, and a subsequent direction to carry them on to Chicago
to the original consignee; and also pleaded a provision in the bill of
lading issued at Lordsburg with reference to the measure of damages.
The case was tried on the theory of a continuous transportation from
Lordsburg to Chicago; but the jury was instructed that the defendant
was not liable for damages which may have been caused while the
car was in Des Moines. The plaintiff proved the value and condition
of the goods when delivered to the railway company at Lordsburg. *Held*,
that the defendant, not having raised the question in its answer, or at
any time during the trial, or on motion for new trial, cannot be heard
on appeal to assert that the carriage from Des Moines to Chicago was
under a separate and independent contract, and that the plaintiff should
have shown the value and condition of the lemons in Des Moines at
the time the order was given the defendant to carry the lemons on to
Chicago.

Action in the municipal court of Minneapolis to recover $428 dam-
ages for injury to a carload of lemons caused by delay in transporta-
tion. The answer set up that the lemons were received by defendant
and transported under a bill of lading which provided that the amount
of any loss or damage for which any carrier became liable should be
computed at the value of the property at the place and time of ship-
ment. The case was tried before Charles L. Smith, J., and a jury.
After the evidence was in, the court permitted plaintiff to amend its

[1] Reported in 119 N. W. 795.

complaint to conform thereto in the amount demanded and the jury rendered a verdict in favor of plaintiff for $496. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*A. G. Briggs* and *T. P. McNamara,* for appellant.

*George C. Stiles* and *M. C. Brady,* for respondent.

ELLIOTT, J.

This action was brought by the Laverne Citrus Association against the Chicago Great Western Railway Company to recover damages claimed to have been occasioned by injury to a carload of lemons shipped over the defendant's railway. The jury returned a verdict in favor of the plaintiff, and the defendant appealed from an order denying its motion for a judgment notwithstanding the verdict or for a new trial.

On May 4, 1905, respondent shipped the lemons from Lordsburg, California, consigned to themselves at Chicago, routed by way of the Atchison, Topeka & Santa Fé Railway to Kansas City, and thence over the Chicago Great Western Railway to Chicago. Subsequently the destination and consignee were changed by the shipper, so as to consign the lemons to Davidson Brothers at Des Moines, Iowa. The car passed over the Santa Fé Railway and was delivered to the appellant as connecting carrier at Kansas City, Missouri. The appellant carried it to Des Moines, Iowa, where it arrived on May 13, and was opened and inspected by Davidson Brothers. Two days later Davidson Brothers declined to accept the car. The appellant then wired the Santa Fé Railway Company, the initial carrier, for instructions as to the disposition of the car, and on May 17 was directed to ship it to one Woods at Chicago. As soon as the order was received, the car was sent on to Chicago, where it was delivered to Woods, with the lemons in a damaged condition. The plaintiff proved that when the lemons were delivered to the carrier in California they were in good condition and worth $652, and that they were in a damaged condition when delivered by appellant to the consignee in Chicago, and were sold for $156.

The questions raised on this appeal require reference to the pleadings and evidence in order to determine the manner in which the case was

submitted to the trial court. The cause of action pleaded rested upon the theory that the original contract called for the carriage of the lemons from Lordsburg to Chicago, and that the diversion of the car to Des Moines did not, in view of the subsequent order, break the continuity of the transportation. The answer alleged that the defendants received the car for transportation at Kansas City to Des Moines, Iowa, consigned to Davidson Brothers, and that "thereafter defendant received an order for the diversion of said lemons from Des Moines, Iowa, to Chicago, Illinois, consigned to H. Woods." The allegations of negligence on the part of the defendant were denied, and the provision in the bill of lading issued by the initial carrier in California with reference to the measure of damages was set out, and the benefit thereof claimed by the defendant. We do not understand that the defendant thus pleaded an independent contract for the shipment of the goods to Chicago.

The case was submitted to the jury on the theory that the carriage from Lordsburg to Chicago was a continuous transportation, and, as there was evidence tending to show that the lemons were in good condition when delivered to the initial carrier and in bad condition when delivered to the consignee in Chicago, the presumption was that they were damaged while in the possession of the defendant, the last carrier. The defendant was seeking to escape liability for damages which might have resulted to the lemons while they were in Des Moines, and the court instructed the jury that the defendant was liable for any damage to the lemons caused by its negligence from the time of delivery to it at Kansas City until Davidson Brothers had a reasonable time to inspect them at Des Moines, and from the time they received instructions to carry them on to Chicago until they reached there and the consignee had time to inspect and unload them, but that it was not liable for what may have occurred between the time of the inspection by Davidson Brothers and the time of receiving the order to forward the car on to Chicago. The question of the possible liability of the defendant as a warehouseman was not suggested. At the request of the defendant the court also instructed the jury that "if the negligence of the plaintiff, or of the consignee, Davidson Brothers, at Des Moines, or of the consignee, Woods, at Chicago, contributed to the damage, the plaintiff cannot recover." The defendant was thus

entirely relieved from liability for what may have occurred during the time referred to while the lemons were in Des Moines.

The plaintiff proved that the lemons were in good condition when delivered to the initial carrier in California, and at the close of the testimony the defendant's counsel stipulated that the measure of damages should be the difference between the reasonable market value at the shipping point, with freight charges added, and the reasonable market value at the point of destination on the day of arrival. The complaint was then amended, so as to make it conform to the evidence, by alleging damages in the sum of $496. This estimate was based on the value of the lemons as proven when they were delivered to the Santa Fé Railway at Lordsburg. The defendant's objection to the amendment of the complaint did not suggest that the transportation was not continuous from California to Chicago, and a motion to dismiss was based on the ground that there was no evidence of "owner-ship of the damage." The defendant's request for instructions seems to have assumed the general correctness of the theory upon which the case was submitted, and a motion for a new trial was made on grounds which did not suggest the present theory.

It is now contended that the lemons were in law delivered to the consignee at Des Moines; that after their inspection by Davidson Brothers, until they were ordered delivered to Chicago, the appellant was liable as a warehouseman only, and that no charge is made against it as such; that the transportation from Des Moines to Chicago was an independent shipment; and that the burden was therefore on the plaintiff to show the value and condition of the lemons when delivered at Des Moines. As we have seen, the appellant can now claim nothing by reason of the fact that it may have only been liable as a warehouseman, because the trial court instructed the jury that it was not during that time liable on any theory.

Nor in the condition of this record can the appellant be heard to assert that the carriage from Des Moines to Chicago was under a separate and independent contract. The importance of the claim is in the fact that, if correct, the plaintiff should have proved the condition and value of the goods at Des Moines, instead of Lordsburg, as the initial point. It is probable that there is sufficient evidence in the record to show that the lemons were in good condition in Des Moines,

107 M.—7

and of substantially the value as proven at Lordsburg; but, however this may be, it is probable that, if the question had been raised in the court below, the evidence could have been supplied. The defendant knew that the plaintiff was proceeding on a certain theory, and it would be manifestly improper to permit it to remain quiet until after the verdict was rendered, and then, after it was too late to supply the evidence, raise new questions not suggested by the pleadings or on the trial.

The other assignments of error do not require special consideration. They have been considered, and found to be without merit.

Order affirmed.