## JOHN L. WHITAKER and Another v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

June 30, 1911.

Nos. 17,184—(189).

**New trial — harmless error.**

Rule that the admission of irrelevant or immaterial evidence will not justify a new trial, unless substantially prejudicial, followed and applied.

**Charge to jury.**

The instructions of the trial court, taken as a whole, correctly stated the law of the case to the jury.

**Evidence — decay of ripe fruit.**

Courts will take judicial notice of the natural tendency of ripe fruit to decay, and the court below did not err in so stating to the jury.

Action in the district court for Ramsey county to recover $568.21, damages to a carload of strawberries caused by delay in transportation. The answer admitted that defendant received and accepted the car in question at Omaha; that for a valuable consideration defendant agreed to and did transport the same to St. Paul, Minnesota, within a reasonable time, and agreed to and did exercise due care for the preservation and protection of the berries while in its possession; that the shipment was made under the terms of a bill of lading, which is made a part of the answer; that defendant performed all the covenants and agreements of the bill of lading, and that the damage, if any, was not caused through its negligence, but, if any, it occurred upon the lines of one of the carriers transporting the shipment from the initial point to Omaha. The reply was a general denial. The case was tried before Olin B. Lewis, J., and a jury

[1] Reported in 131 N. W. 1061.

[Note] Duty of carrier with respect to refrigerator cars, see note in 10 L.R.A. (N.S.) 317.

which returned a verdict in favor of defendant. From an order denying plaintiffs' motion for a new trial, they appealed. Affirmed.

*T. P. McNamara,* for appellants.

*Richard L. Kennedy,* for respondent.

BROWN, J.

Action to recover damages for injuries to a carload of strawberries shipped by plaintiffs over different lines of railroad, including defendant's line, from a point in Missouri to St. Paul, this state, caused, as alleged by plaintiffs, by the negligence of defendant. Defendant had a verdict in the court below, and plaintiffs appealed from an order denying a new trial.

The assignments of error present for consideration certain rulings of the trial court upon the admission and exclusion of evidence, and alleged errors in the instructions to the jury. Though made one of the grounds of the motion for a new trial, it is not urged in this court that the verdict for defendant is not sustained by the evidence, and we have only to determine whether the record presents any reversible error in the rulings of the court or in its charge to the jury.

1. The assignments of error do not require separate consideration. The first, second, and ninth assignments complain of the exclusion of certain evidence offered by plaintiffs, or rather in sustaining objections interposed by defendant to questions to witnesses called by them.

The questions made the basis of the first and second assignments, objections to which were sustained, called for the conclusions of the witnesses upon an issue in the case, the province of determining which was with the jury. It was not error, therefore, to exclude the witnesses' opinions.

The ninth assignment alleges error in the exclusion of certain records kept by the railroad company respecting the loading and icing of the car in which the berries in question were shipped. Though the court excluded the records when offered, counsel for plaintiff was subsequently permitted to introduce them, and the court ordered them "read into the record." If the first ruling was error, it was cured by the subsequent ruling which admitted them. Nor did the exclusion

of the record in the first instance materially prejudice the cross-examination of defendant's witnesses.

2. The other assignments, except those challenging the instructions to the jury, complain of the admission of testimony claimed to be incompetent, irrelevant, and immaterial. We have considered the evidence so received, and discover no reason for concluding that plaintiff was substantially or otherwise prejudiced by its admission. The rulings, therefore, even though erroneous, which we do not concede, present no sufficient reason for a new trial. The court will grant a new trial for the erroneous admission of evidence only when it is apparent that substantial prejudice resulted therefrom, though the rule is different, perhaps, where competent and material evidence is excluded. 2 Dunnell, Digest, 7180.

3. A careful examination of the charge to the jury discloses no reversible error. It is settled law in this state, in actions for damages to property delivered to a common carrier for transportation, that evidence that the property was, when delivered to the carrier, in sound condition, and is found in a damaged condition at destination, raises a presumption of negligence on the part of the carrier which he must overcome. It was an open question on the evidence whether the berries were in sound condition when delivered to the railroad company, and the court properly submitted it to the jury. The court did not encroach upon that rule of law in stating to the jury that plaintiffs could not recover unless they established by a greater weight of the evidence that defendant failed in its legal duty to plaintiffs. The instructions did not improperly shift the burden of proof upon plaintiffs. Plaintiffs were undoubtedly obliged affirmatively to show negligence on the part of defendant, in the absence of which no recovery could be had. Evidence of the sound condition of the goods when delivered for shipment and their damaged condition at destination is sufficient to justify a recovery unless rebutted by defendant. Mahoney v. St. Paul, M. & M. Ry. Co. 35 Minn. 361, 29 N. W. 6.

But there is in such cases no shifting of the burden of proof. The burden remains upon plaintiff throughout the trial. He is simply aided by the presumption. Demeules v. Jewel Tea Co. 103 Minn.

150, 114 N. W. 733, 14 L.R.A.(N.S.) 954, 123 Am. St. 315; Errett
v. Wheeler, 109 Minn. 157, 123 N. W. 414, 26 L.R.A.(N.S.) 816.

The instructions of the court were in full accord with the law on
the subject. It is unimportant, therefore, the charge as a whole be-
ing correct and responsive to the evidence and issues, whether the ab-
stract definition of negligence as applied to the case may have been
technically wrong. The jury were fairly advised respecting the law
of the case and no prejudice resulted to plaintiffs.

Nor was there any error in stating to the jury in the charge that
strawberries have an inherent tendency to become heated and moldy.
This is a tendency of all ripe fruit, and a fact commonly known,
and of which the court will take notice.

This covers all questions requiring special consideration.

Order affirmed.