## B. PRESLEY COMPANY v. ILLINOIS CENTRAL RAILROAD COMPANY and Another.[1]

### May 10, 1912.

### Nos. 17,494—(85).

**Carrier — injury from freezing — burden of proof.**

In this action to recover damages caused by freezing to a carload of holly while being transported over defendants' railways, it is *held:*

1. There was evidence to sustain a finding that the holly was in good condition when delivered to the initial carrier for shipment.

2. Proof of this fact, and that the holly was frozen and thereby damaged on its arrival at destination, made a prima facie case, and the burden of proof was on defendants to show that the freezing was not due to negligence on their part.

3. Defendants failed to sustain this burden.

Action in the municipal court of St. Paul against the Illinois Central Railroad Company and the Minneapolis & St. Louis Rail-

[1] Reported in 136 N. W. 11.

road Company to recover $294.22, damages caused by the freezing
of a carload of holly. The separate answers were substantially the
same, and alleged that there was a special contract for the shipment
of the holly which provided: "No carrier shall be liable for loss,
damage or injury not occurring on its own road or its portion of the
through route, nor after said property has been delivered to the next
carrier, except as such liability is or may be imposed by law." "No
carrier is bound to transport said property by any particular train
or vessel, or in time for any particular market or otherwise than with
reasonable despatch, unless by specific agreement indorsed thereon."
The answers further alleged that the holly was in as good condition
when delivered to the connecting carrier as when received for ship-
ment.

The case was tried before Finehout, J., who made findings and
as conclusion of law ordered judgment in favor of plaintiff for the
amount demanded. From an order denying defendants' motion for
amended findings or for a new trial, they appealed. Affirmed.

*How, Butler & Mitchell* and *John B. Sanborn,* for appellant Illi-
nois Central Railroad Company.

*W. H. Bremner, Eugene Bryan* and *George W. Seevers,* for ap-
pellant Minneapolis & St. Louis Railroad Company.

*T. P. McNamara,* for respondent.


BUNN, J.

This action was to recover damages to a car of holly, owned by
plaintiff and transported by defendants as common carriers from
Tunstalls, Virginia, to St. Paul, in November, 1908. The case was
tried before the court without a jury, and a decision rendered in
plaintiff's favor in the sum of $294.22. Defendants appealed from
an order refusing a new trial.

Plaintiff, at the trial, offered evidence tending to prove that the
holly was in good condition when shipped, and in a frozen condition
when received in St. Paul, and rested. Defendant offered no testi-
mony, other than the evidence of one witness, that it was customary
to ship holly in carload lots in box cars. It was not disputed that

the holly was frozen and almost worthless in consequence. Defendant's contention that there was no proof that the holly was in good condition when shipped is not sustained by the record.

It is therefore clear that plaintiff made a prima facie case of negligence, and that the burden was on defendants to overcome the presumption. It is defendants' contention that the presumption of negligence was overcome when it was proved that defendants accepted the car as loaded by plaintiff and transported it without delay to destination, in view of the fact that it was customary to ship holly in box cars. It is well settled in this state that the rule as to what constitutes a prima facie case applies to perishable freight. The carrier is not an insurer, but he has the burden of proof. Unless we are prepared to hold that damage by frost while in transit is something that the carrier owes no duty to attempt to prevent, we can hardly sustain the contention that the evidence shows that defendants used due care. It is not necessary to point out what defendants could have done to save the loss of the holly. They offered no evidence of any effort in that direction. We think there was an entire failure to rebut the presumption of negligence that arose.

The statement in White v. Minneapolis & P. R. Ry. Co. 111 Minn. 167, 126 N. W. 533, to the effect that, if the carload of vegetables had been promptly transported, there would be difficulty in sustaining the verdict, even though the vegetables were frozen in transit was obiter and had reference only to the peculiar facts in that case.

Order affirmed.