## W. A. WHITE BROKERAGE COMPANY v. AMERICAN RAILWAY EXPRESS COMPANY.[1]

May 4, 1928.

No. 26,694.

**Presumption of negligence from deterioration of perishable fruit while in hands of carrier.**
   The charge unduly minimized the presumption of negligence arising from the fact that the carrier received perishable freight in a sound condition and delivered it at destination in a damaged condition.

Carriers, 10 C. J. p. 393 n. 53.

---

See 4 R. C. L. 919; 1 R. C. L. Supp. 1237.

[1]Reported in 219 N. W. 290.

Action in the district court for Hennepin county to recover damages on a shipment of strawberries. There was a verdict for defendant, and plaintiff appealed from an order, Salmon, J. denying its motion for a new trial. Reversed.

*G. H. Smith* and *E. L. Tong,* for appellant.
*Davis, Severance & Morgan,* for respondent.

TAYLOR, C.

In the latter part of April, 1925, plaintiff shipped a carload of strawberries from Springdale, Arkansas, to Fargo, North Dakota. The berries were delivered to defendant at Springdale in good condition and arrived at Fargo in bad condition. Plaintiff sued for damages. The jury returned a verdict for defendant, and plaintiff appealed from an order denying a new trial.

The assignments of error are directed solely to the charge of the court, and the following three paragraphs are particularly urged as erroneous:

[1] "In an ordinary case goods delivered to the express company and received by them in good condition and received in an injured condition at the other end of the line, the presumption is that the express company was careless or negligent. In other words, the presumption is that the goods being in good condition, that they remained in good condition until they arrived at the other end of the line unless they were misused in some manner. However, that doesn't apply to this case. That rule does not apply to a case of this kind where goods of a perishable character are being transported. This presumption, if any, is a very slight one in a case of this kind."

[2] "This case being, you might say, a strawberry case, is different to any other case in that respect that negligence must be shown on the part of the defendant and that negligence must be shown to have contributed to or caused the injury complained of."

[3] "The so-called presumption that things continue in the particular state in which they were at a given time has little weight when applied to perishable goods."

The common law rule that a common carrier is an insurer of the goods shipped and responsible for all losses except those occasioned by the act of God or the public enemy is relaxed where the shipment is of perishable freight, such as fruits and vegetables. He is not an insurer that such freight will arrive at its destination in a sound condition, but is liable for any damage to the shipment resulting from his negligence in handling or caring for it while in his possession as such carrier. And proof that he received the shipment in a sound condition and delivered it at destination in an unsound condition is prima facie evidence of negligence in handling or caring for it, and casts upon him the burden of rebutting the presumption that the damage resulted from some failure of duty on his part. Fockens v. U. S. Exp. Co. 99 Minn. 404, 109 N. W. 834; Brennisen v. Pennsylvania R. Co. 100 Minn. 102, 110 N. W. 362, 10 Ann. Cas. 169; Brennisen v. Pennsylvania R. Co. 101 Minn. 120, 111 N. W. 945; White v. M. & R. R. Ry. Co. 111 Minn. 167, 126 N. W. 533; Whitaker v. C. St. P. M. & O. Ry. Co. 115 Minn. 140, 131 N. W. 1061; B. Presley Co. v. I. C. R. Co. 117 Minn. 399, 136 N. W. 11; Presley Fruit Co. v. St. L. I. M. & S. Ry. Co. 130 Minn. 121, 153 N. W. 115; Victor Prod. Co. v. C. St. P. M. & O. Ry. Co. 135 Minn. 49, 160 N W. 201; George B. Higgins & Co. v. C. B. & Q. R. Co. 135 Minn. 402, 161 N. W. 145; McNeill & Scott Co. v. G. N. Ry. Co. 156 Minn. 120, 194 N. W. 614.

The portions of the charge referred to unduly minimized the probative force of the presumption arising from the fact that the carrier received the berries in a good condition and delivered them at destination in a damaged condition, and we cannot say that this was cured by the remainder of the charge. The court charged the jury that the burden rested upon plaintiff throughout to establish by a fair preponderance of the evidence that the damage resulted from defendant's negligence. This was correct. But by showing that the berries were damaged while in transit, plaintiff established defendant's negligence prima facie; and this was sufficient to sustain the burden of proof, unless defendant showed that the damage did not result from want of care on its part. Whether the damage

was due to defendant's fault was for the jury to determine from all the facts and circumstances, giving to the presumption the weight to which they deemed it entitled when considered in connection with all the other evidence in the case.

For the reason stated the order is reversed and a new trial granted.