CHARLES W. CULVER *et al. vs.* SCOTT & HOLSTON LUMBER CO.

Argued May 8, 1893. Decided June 1, 1893.

**Verdict Justified by the Evidence.**
 Evidence *held* to justify the verdict.

**Memorandum to Refresh Recollection.**
 It is not necessary that the memorandum used by a witness to refresh his memory should have been made by himself. He may use one made by any one, if, after inspecting it, he can testify of the facts from his own recollection.

**Entry in a Merchant's Account Books not Conclusive. against Him.**
 The issue being whether certain goods were sold and delivered on the credit of defendants or of one C., defendants requested the court to charge the jury that the fact that the goods were charged on plaintiffs' books to C. was evidence that the credit was given to him, and not to defendants. *Held* not error to modify the request by instructing the jury that this fact was a circumstance in the case which should be considered by them in determining to whom the credit was given.

Appeal by defendant, Scott & Holston Lumber Co., a corporation, from a judgment of the District Court of St. Louis County, *J. D. Ensign,* J., entered September 9, 1892, in favor of plaintiffs for $1,084.16.

The plaintiffs, Charles W. Culver and Frank E. Culver, were partners in business at Duluth. One Archibald Campbell had a contract with the defendant to cut and get out saw logs for it. He needed oats, hay and feed for his teams. He applied to plaintiffs March 12, 1892, to obtain these supplies. Charles W. Culver testified that on that day he went to Z. D. Scott, secretary and gen-

eral manager of the business of the corporation, and told him Campbell wanted oats, hay and feed to the value of about $1,300. Scott said, "That is all right; let him have it, and we will pay it." Plaintiffs thereupon, on that day and subsequent days, delivered to Campbell a car load of oats, two car loads of hay and one car load of feed, all of the value of $1,054; and as the goods were delivered, he and his clerks charged them on plaintiff's books to Campbell. On March 28, 1892, Campbell gave plaintiffs an order for this amount on the corporation, but Scott refused to accept the order, saying he had sent a scaler into the woods and expected him back in two or three days. Culver replied, "All right; I will call again." The order was never accepted or paid and plaintiffs brought this action against the corporation on its promise by Scott to pay for the goods. Defendant denied the promise and denied any knowledge of the amount or value of the goods. The issues were tried June 17, 1892, and the plaintiffs had a verdict for $1,067.38. A case was made, settled, signed and filed, September 2, 1892. Judgment was entered September 9, 1892. On September 12, 1892, defendant served notice of a motion for a new trial. At the hearing on October 1, 1892, the trial court refused to consider the merits of the motion because it was not made until after judgment had been entered. Defendant then appealed from the judgment.

*William B. Phelps,* for appellant.

The verdict is contrary to the law and evidence. The produce was sold to Campbell and charged to him on the plaintiffs' books of account. It was an open running account, and this action is brought simply to recover a balance which the respondents were unable to collect from Campbell. No bill was ever presented to defendant. When plaintiffs wanted their pay they obtained an order from Campbell on defendant, which it refused to pay. There is no evidence in the case inconsistent with the defendant's contention, except the testimony of Charles W. Culver. On the other hand, all the evidence is inconsistent with his statement. The clear preponderance of testimony is against the verdict, and it should be set aside.

It is competent to read an entry made by a witness, of any fact material to the issue, if made at or near the time when the

fact occurred, and he can swear it was made correctly. He may use an entry made by himself, or any other person, or a copy of an entry, if on reading it, he can testify that he then recollects the fact to which the entry relates. 2 Rice, Ev., 744; 1 Greenl. Ev., § 437.

The first part of the foregoing statement relates to entries made by the witness himself; the last part to entries made by the witness or any other person. Culver was allowed to testify to the items of the account by reading them from the books of the partnership. He testified that the entries were in the handwriting of others, as well as in his own, that he could not remember the items, times or prices, even after examining the items of the account. Being made by others as well as the witness, the entries could not, under the above rule, be read, unless the witness remembered the fact. This he repeatedly admitted he did not.

On the trial of the cause, the defendant asked that the jury be instructed that the fact that the produce was charged to Campbell was evidence that the credit was given to him and not to defendant. This instruction was refused and defendant excepted. A modified instruction was given. The jury were told that charging the produce to Campbell was a circumstance to be considered by the jury in determining to whom the credit was given. *Winslow* v. *Dakota Lumber Co.,* 32 Minn. 237.

A new trial will be directed unless it appears beyond doubt that the error complained of did not and could not have prejudiced the rights of the parties. *Vicksburg & M. R. Co.* v. *O'Brien,* 119 U. S. 99; *Smiths* v. *Shoemaker,* 17 Wall. 630; *Deery* v. *Cray,* 5 Wall. 795; *Moores* v. *National Bank,* 104 U. S. 625; *Gilmer* v. *Higley,* 110 U. S. 47; *Hoberg* v. *State,* 3 Minn. 262 (Gil. 181); *Koehler* v. *Cleary,* 23 Minn. 325.

*Draper, Davis & Hollister,* for respondents.

Whether or not the evidence is sufficient to sustain the verdict must be passed upon by the trial court before it will be reviewed on appeal. This has not been done. *Lund* v. *Anderson,* 42 Minn. 201; *Kelly* v. *Rogers,* 21 Minn. 146; *Byrne* v. *Minneapolis & S. L. Ry. Co.,* 29 Minn. 200; *Jordan* v. *Humphrey,* 31 Minn. 495; *Barker* v. *Todd,* 37 Minn. 370; *Barringer* v. *Stoltz,* 39 Minn. 63.

When the motion is made after judgment, it is within the discretion of the court to hear, or refuse to hear, the motion on the merits. *Kimball* v. *Palmerlee*, 29 Minn. 302; *Collins* v. *Bowen*, 45 Minn. 186; *Sheldon* v. *Risedorph*, 23 Minn. 518.

It is manifest that appellant was not prejudiced by the ruling of the court on the matter of using the books. The amount, value and delivery of the goods were fully proven by other evidence not objected to. Under this evidence, not objected to, nor contradicted, the court said to the jury in the charge, that there seemed to be no dispute as to the amount to be recovered, if anything. *Huot* v. *McGovern*, 27 Minn. 84; *Beard* v. *First Nat. Bank*, 41 Minn. 153. In this case the goods were charged on the books to Campbell, but the credit was given to defendant. In this respect the case is like *Winslow* v. *Dakota Lumber Co.*, 32 Minn. 237; *Maurin* v. *Fogelberg*, 37 Minn. 23.

MITCHELL, J. This action was brought to recover for lumbermen's supplies which the plaintiffs allege they delivered, at the request of the defendant, and upon its promise to pay for the same, to one Campbell, who was engaged as a contractor in cutting logs for defendant.

1. The main issue on the trial was as to whether the goods were sold to Campbell on his own credit, or were delivered to him on the credit of the defendant, and upon its promise to pay therefor; and the first assignment of error is that the verdict, which was for the plaintiffs, was not justified by the evidence. It is so natural to look to the proprietor for payment of goods furnished to a contractor in case the latter proves to be irresponsible that observation has impressed us with the feeling that cases of this kind, even where the alleged promise is original, are practically as much within the mischiefs of the statute of frauds as where the promise is collateral, and hence that the evidence should be scanned quite carefully. But while there is much in the manner in which the business was transacted that points to the theory that plaintiffs sold these goods, as they had previously sold others, to Campbell himself, although with the expectation that they would get their pay by orders from him on the defendant, yet, after a careful examination of the record, we are compelled to the conclusion that there was evidence from

which the jury were justified in finding that defendant expressly promised to pay for the goods; and, if it did, we think the evidence was plenary that the promise was an original, and not a collateral, one, and hence not within the statute of frauds.

We think this court could not disturb the verdict on the ground of the insufficiency of the evidence.

2. While the issue referred to was the principal one, yet the defendant, by its denial of knowledge or information sufficient to form a belief on the subject, put the plaintiffs to their proof of the amount and value of goods delivered to Campbell; and it is this issue to which the second assignment of error relates, to wit, that "the court erred in permitting the witness Charles Culver [one of the plaintiffs] to testify to the items of the account sued on, by reading the same from the books of the plaintiffs." This assignment does not refer to any particular ruling, either by folio or otherwise; and upon reference to the record we find that the testimony of the witness on the subject of the account extends through seven pages of the paper book, consisting of very scrambled and desultory examination and cross-examination, and including several different rulings of the court. The assignment of error is certainly not in compliance with the spirit of the rules of court. But, waiving this, we fail to find in the record any exception which raises the point probably intended to be suggested by the assignment of error. For some reason, probably because they did not consider it very important, counsel conducted the trial of this issue, both in the introduction of testimony and in the interposition of objections, rather carelessly, and without keeping in mind the exact rules of evidence applicable to the case. Counsel for the plaintiffs did not introduce their books of account, and laid no foundation for doing so, but proceeded to examine the witness Charles Culver as to the items of the account from his memory of the transactions, refreshed by reference to a written memorandum. The first memorandum used for that purpose seems to have been copied from plaintiffs' books, but, finally, the books themselves were brought into court, and the witness began to use his ledger to refresh his memory. To this defendant's counsel objected, for the reasons "that the books themselves were the best evidence," and "that the proper foundation had not been laid for the question," viz. what

goods were delivered after the date of the alleged promise of defendant to pay?   This objection having been sustained by the court, plaintiffs' counsel then resorted to the use of the plaintiffs' daybook, as a memorandum to refresh the witness' memory.   Then followed considerable preliminary examination and cross-examination of the witness, from which it appeared that the daybook was plaintiffs' book of original entries; that these entries were made at or about the dates of the transactions, but were not all made by the witness, a great many of them having been made by different persons employed by plaintiffs in their office. ` Plaintiffs' counsel then renewed his question, when defendant's counsel interposed an objection "to the witness testifying to any transaction where he did not make the entry himself."   The exception to the ruling of the court overruling this objection is the only tangible exception possibly covered by the assignment of error.   The preliminary examination of the witness left it in a good deal of doubt as to how far, and as to what items, he had a personal recollection after refreshing his memory by reference to the entries in the daybook; and, if the objection of counsel had gone to that point, there might have been some merit in it, for the rule is that if, after examination of the memorandum, the memory of the witness is not refreshed, and he has no recollection of the transaction, and no remembrance of having recognized the memorandum as true, his testimony, so far as founded on the writing, would be mere hearsay.   But this was not the point of counsel's objection, which was merely to the effect that the witness could only use, for the purpose of refreshing his memory, entries made by himself personally.   In this the counsel misapprehended the rule.   It is not necessary that the writing should have been made by the witness himself.   He may use an entry made by any one if, after inspecting it, he can speak of the facts from his own recollection.   It is not the writing, but the recollection of the witness, that is the evidence in the case; and it is not important who made the entry, providing it, in fact, revives or refreshes the memory.   1 Greenl. Ev. § 436; 2 Rice, Ev. 744, 747.

3. The defendant requested the court to instruct the jury that "the fact that on the plaintiffs' books the articles are charged to Campbell is evidence that the credit was given to him, and not to defendant."   This the court modified, and gave as follows: "The

fact that on the plaintiffs' books the articles are charged to Campbell is a circumstance in the case that should be considered by the jury in determining to whom the credit was given." There was no error in this modification. A lay jury are liable to confound "*evidence*" and "*proof*," and hence the request in the form asked for might have misled them; and it was very likely for that reason that the court made the change in its language. But it seems to us that the charge, as given, gave the defendant all that it was entitled to. The jury must have understood from it that the fact referred to was a piece of evidence which they should consider, and it is hardly to be supposed that they were so obtuse as not to understand in whose favor it weighed. Moreover, other parts of the court's charge refer to the same evidence in such a way that the jury could not have failed to understand the matter.

Judgment affirmed.

VANDERBURGH, J., absent, took no part.

(Opinion published 55 N. W. Rep. 552.)