FRED BRENNISEN and Others v. PENNSYLVANIA RAILROAD
COMPANY.[1]

May 17, 1907.

Nos. 15,213—(39).

**Carrier—Burden of Proof.**

Fockens v. U. S. Exp. Co., 99 Minn. 404, 109 N. W. 834, and Brennison
v. Pennsylvania R. Co., 100 Minn. 102, 110 N. W. 362, followed, and *held*,
when perishable goods are delivered to a common carrier for transporta-
tion in a sound and merchantable condition, and delivered to the consignee
in a damaged state, the burden is upon the carrier to prove that the dam-
age was not occasioned by its negligence.

**Evidence.**

The evidence supports the finding of the trial court that the fruit was
damaged by reason of the negligence of appellant company.

Action in the municipal court of Minneapolis to recover $350 for
the depreciation in value of a carload of strawberries while transported
by defendant. The case was tried before C. L. Smith, J., who found
in favor of plaintiffs. From an order denying a motion for a new trial,
defendant appealed. Affirmed.

*Savage & Purdy,* for appellant.
*George C. Stiles,* for respondents.

LEWIS, J.

This action is almost identical with Brennison v. Pennsylvania R.
Co., 100 Minn. 102, 110 N. W. 362.

The trial court found that a carload of strawberries was delivered
by respondents to a railway company at Mt. Olive, North Carolina,
May 8, 1905, for shipment over the intervening common carriers, to
be delivered to respondents at Buffalo, New York; that appellant com-
pany was the last carrier, and received the car at Sunbury, Pennsyl-
vania, with the goods in good, sound, merchantable order and shipping
condition; and, having been directed by respondents to divert the ship-
ment from Buffalo to Allen & Otis Company, at Rochester, New York,
the car arrived there May 13, 1905. Respondents claim that in trans-
porting the berries from Sunbury to Rochester appellant negligently

[1]Reported in 111 N. W. 945.

and carelessly conducted itself as a common carrier, and by reason thereof the fruit became overheated and mouldy, and was damaged and depreciated in value to the extent of $351. At the argument appellant presented for the first time the objection that respondents had no interest in the action and could not maintain it, for the reason that they had sold and consigned the berries to a commission firm in Rochester. We shall not undertake to discuss the merits of this proposition, as it was not presented to the court below.

It was undisputed that, when the refrigerator car arrived at Rochester, considerable of the ice in it had melted; but it was not definitely shown to what extent. The night watchman stated that by putting in his hand through a screen near the top he could feel the ice; but this left the matter uncertain as to the amount. Mr. Allen, the consignee, testified that the temperature in the car was warm, and that the berries were found in a very poor condition—sunken in the crates and the juice running. It was shown that perishable fruit can be shipped greater distances than this when properly cared for in refrigerator cars, and we consider the evidence sufficient to support the finding that appellant was negligent in caring for the fruit after it came under its control. Appellant contests the same question presented, fully considered, and decided in Brennison v. Pennsylvania R. Co., supra, viz., that the shipper made out a prima facie case by showing that the berries were in good condition when delivered to the initial carrier, and in a damaged state when received by the consignee, and that the burden was then upon the carrier to show that the damage did not result from any cause for which it was legally responsible. Appellant insists that the rule has never before been applied to perishable fruit, and that it is wrong in principle. We consider the question settled in this state, for the reasons set forth in the case referred to and in Fockens v. U. S. Exp. Co., 99 Minn. 404, 109 N. W. 834. Common carriers, holding themselves out as shippers of perishable fruit, are held to a higher degree of care than when engaged in the shipment of household goods, or other articles not inherently perishable, and there is no reason why the rule as to burden of proof should not apply, since the carrier has the superior ability to furnish the proof as to what occasioned the damage.

Affirmed.