HENRY DOBSLOFF v. NICHOLS–CHISHOLM LUMBER COMPANY.[1]

June 7, 1907.

Nos. 15,164–(156.)

**Injury to Servant—Evidence.**

In an action to recover damages for personal injuries, the evidence considered, and *held* sufficient to sustain the finding of the jury that the injury was caused in the manner alleged in the complaint.

**Assumption of Risk.**

It appearing that the plaintiff had no knowledge of the defective condition of the machinery, the trial court properly ruled that he did not assume the risk resulting from the defect.

Action in the district court for Becker county to recover $2,100 for personal injuries. The case was tried before Baxter, J., and a jury, which found in favor of plaintiff for $1,000. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Rome G. Brown, Charles S. Albert,* and *L. D. Pugh,* for appellant.

*James J. Daly* and *M. J. Daly,* for respondent.

ELLIOTT, J.

The respondent was employed by the appellant as a laborer, and was injured while engaged in the moving of lath stock from a conveyor, which carried it from the saw. This conveyor was a chain one hundred eighty five feet long, with two hundred thirty four links. The so-called "links" were of soft steel, eighteen inches long and one and one half inches high. They were really metallic bars, the ends of which were inserted in or attached to the side chains. These bars rested on and were carried along the smooth surface of a platform. When the bars were in proper repair and condition, they ran along upon a surface until they passed around a drum at some distance from the saw. When in proper order, so that they ran smoothly upon this surface, there was no opportunity for a workman to get his hand under the cross-bars. The chain moved at the rate of thirty five feet per minute. The respondent was familiar with the operation of the conveyor. The

[1]Reported in 112 N. W. 218.

slabs, lath, and refuse, when being carried from the saw on the convey-or, usually covered it to a depth of something like two feet. In performing his work the respondent was in the habit of placing his hand down through the slabs and refuse to the table, between the links, and under the wood. It is claimed that this could be done with safety, as the chain moved slowly, and when the links were straight and in good order there was no opportunity for his hand to get beneath them. The respondent was injured by having his fingers caught beneath one of the cross-bars or links, and claims that the accident was caused by the defective condition of one of the links, in that it was bent, so that it did not rest evenly upon the platform, which made it possible for his hand to get beneath it.

It is charged that the appellant was negligent in failing to provide the respondent with a reasonably safe and suitable place to do his work, and in failing to provide him with reasonably safe and suitable machinery and appliances with which to work. Specifically, it is charged that the carrier in question was not a reasonably safe appliance, in "that one of the cross-bars or ladders used on said carrier to carry said lumber was defectively constructed and not properly adjusted and fitted," by reason of which defective construction the plaintiff put his hand under the same in unloading the lath and lumber, and was thereby injured.

The jury returned a verdict for $1,000 in favor of the plaintiff, and the appeal is from an order denying the motion for judgment in favor of the defendant notwithstanding the verdict or for a new trial. It is contended that the motion for judgment should have been granted, because there was no evidence to show that the plaintiff's hand was caught under the bent link, or that, if the defendant was negligent, the respondent assumed the risk and was guilty of contributory negligence. Assignments of error are also predicated upon the charge of the court, the rulings upon certain objections to the reception of evidence, and the refusal to grant a new trial because of excessive damages.

1. The appellant presents a very full analysis of the respondent's evidence, for the purpose of showing that he did not know exactly how he was injured. The witness conceded that small pieces of wood occasionally got under the links; and, as the evidence does not negative the

possibility of this being the condition of the chain at the time of the injury, it is argued that there was a failure to prove the condition which was alleged to constitute the negligence. It is apparent that the respondent did not know that the link was bent until after the accident. He says that the first time that he noticed it "was after it caught my fingers and had gone around." He admits that he did not see his hand caught under the defective link; but he testifies directly that the defective link caused the injury. It is possible that this is a conclusion or inference to which he arrived; but it is an inference which the jury was also entitled to draw from the facts and circumstances as disclosed. The respondent testified:

> I was picking up the slabs there and caught my hand there, and pulled up the slab, and all at once I saw my finger was gone, and saw the crooked link, and saw the blood, and then I quit. * * * The chain caught my finger and cut it off, and after that I saw that the link was crooked, bent.

There was thus direct evidence that the bent link caused the injury. On cross-examination statements were made by the witness which may have created a doubt; but the jury was entitled to draw the conclusion which it did draw from the evidence, when considered in the light of all the surrounding circumstances.

2. It is conceded that the link was in a defective condition, and there is ample evidence to show that the appellant had been notified of the defect several days before the accident occurred by another workman, who refused to continue his work because of the dangerous condition of the conveyor. But the respondent knew nothing of this. Having no knowledge of the danger, he could not assume the risk involved in the work. The charge of the court on the question of the assumption of risk was unduly favorable to the defendant. The question of contributory negligence was clearly for the jury.

3. It is urged that the court practically took from the jury the issue as to the cause of the accident, in directing them that

> The accident seems to have been caused by a defect in a certain chain over which some refuse and slabs and other things were passed, and which it was the duty of this plaintiff to remove from that chain at a certain point.

If this part of the charge stood alone, it would be open to objection; but it appears from the charge as a whole that the court had no intention of withdrawing the issue from the jury. Elsewhere in the charge the jury were told that

> If you believe from the evidence that the plaintiff's hand was caught under the bent link in the chain, before you can find a verdict for the plaintiff you must first find that the defendant knew, or ought to have known in the exercise of ordinary care, that the link was bent.

This statement follows the one to which objection is now made, and, if the counsel considered the statements inconsistent, he should have called the attention of the court to the fact. The statement was not an erroneous statement of the law. It was at most an inference of fact, which was fairly inferable from the evidence. Even a direct expression of opinion would not be reversible error, if the issue was nevertheless clearly submitted to the jury for its determination.

4. The damages awarded were not so large as to require the conclusion that the verdict was the result of passion and prejudice. The injuries were severe and permanent, and were of such a character as to substantially reduce the earning capacity of a man who has to earn his living with his hands. The other assignments of error have been considered, and have been found without sufficient merit to require a reversal.

The order of the trial court is therefore affirmed.