AUGUST AMMON v. ILLINOIS CENTRAL RAILROAD COMPANY and Another.[1]

February 7, 1913.

Nos. 17,871—(189).

**Consignment of freight — notice to be given to third persons — vendor's lien.**

1. Where goods are shipped by carrier, the consignee is presumed to be the owner. A direction in the bill of lading to "notify" a third party does not make such party the consignee, nor does it give rise to any presumption that he is the owner. The presumption of ownership in the consignee may be rebutted by proof of a completed sale to the party to be notified before the shipment. In such case, if the price is not paid, the vendor holds a vendor's lien until payment or delivery. If he consigns the goods to himself, the effect is to simply preserve such vendor's lien.

**Evidence of negligence.**

2. Evidence that goods are loaded in good condition, that their character

1 Reported in 139 N. W. 819.

was such that if properly handled they would have gone without damage to their destination, and that they in fact arrived there in damaged condition, is presumptive evidence of negligence. The evidence on the part of defendant in this case does not overcome such presumptive showing.

**Refreshing recollection of witness.**

3. Where the witness of one party testifies from a properly verified memorandum as to facts of which he has no present recollection, the adverse party may offer such memorandum in evidence. In this case the memorandum was not returned to this court. It was offered on cross-examination solely for the purpose of showing that it was not a book of original entry, and not made by the witness, though he verified its correctness. It was in fact submitted to the court. *Held* no prejudicial error was made to appear. It is not necessary that a memorandum so used by a witness should be a book of original entry, or that it should have been made by the witness, if he can verify its correctness.

Action in the municipal court of St. Paul against the Illinois Central Railroad Company and Minneapolis & St. Louis Railroad Company to recover $214.27. The complaint alleged that each of defendants neglected to transport the shipment in question within a reasonable time as agreed, but negligently delayed the transportation thereof and allowed it to become wilted, decayed and damaged. In its separate answer the Minneapolis & St. Louis Railroad Company denied the allegations of the complaint. In its separate answer the Illinois Central Railroad Company denied the foregoing allegations of the complaint and alleged that, if the shipment was in any manner in a damaged condition on arrival, it was due to the inherent defective and perishable character of the vegetables themselves, and to the negligence of the shipper or owner in not promptly loading the shipment when the car was ordered therefor. The new allegations in the latter answer were denied. The case was tried before Finehout, J., who made findings and ordered judgment in favor of plaintiff for $182.45. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Butler & Mitchell, S. G. Ordway* and *Eugene Bryan,* for appellants.

*T. P. McNamara,* for respondent.

HALLAM, J.

This is an action brought to recover damages to vegetables in transit from Crystal Springs, Mississippi, to St. Paul. The case was tried by the court without a jury. The court gave judgment for plaintiff. Defendants appeal from the judgment. Appellants assign three grounds of error:

1. That respondent was not the owner of the goods at the time they were damaged.

2. That there is no evidence of any negligence on the part of appellant.

3. That a certain account book used as a memorandum on the trial should have been received in evidence.

We will consider these contentions in order.

1. Of course respondent cannot recover unless he was the owner of the property when the damage was done; that is, during the transit. The vegetables were purchased by him from one Hutchinson at Crystal Springs, Mississippi. They were consigned by Hutchinson to himself, with direction to "notify August Ammon." Hutchinson made a draft on respondent for the price, attached the bill of lading, and forwarded the same through a bank. Respondent paid the draft and the freight, and received the goods. Of course these facts alone do not make proof that the title was in respondent during transit. The consignee of a shipment is presumed to be the owner of it. The possession of the carrier is presumptively his possession. The person to be notified is not the consignee, and is not presumed to be the owner, even though a draft is made on him with the bill of lading attached and the same are forwarded together with instruction to make delivery on payment of the draft. North Penn. Ry. Co. v. Commercial Bank of Chicago, 123 U. S. 727, 8 Sup. Ct. 266, 31 L. ed. 287. But the presumption that the consignee is the owner is not absolute. It was perfectly competent for respondent to rebut this presumption, and to prove that he bought this car of vegetables before it was shipped. This is precisely what his evidence shows that he did. If he bought the same, as he claimed, the title passed, even though there was no payment or delivery, and the vendor merely held a lien until delivery, to secure payment of the price. Rail

v. Little Falls Lumber Co., 47 Minn. 422, 50 N. W. 471. The evidence supports the finding of the court that respondent was the owner of the goods when they were shipped from Crystal Springs, Mississippi.

2. The court found that the vegetables were damaged by negligence of defendants. The evidence sustains this finding. The goods were shipped in a refrigerator car. There was evidence that the goods were loaded promptly on arrival of the car at Crystal Springs, that they were then in good condition, and that, if properly handled, they would have gone without damage to any market in the United States. They arrived in St. Paul in a damaged condition. This is presumptive evidence of negligence. Mahoney v. St. Paul, M. & M. Ry. Co., 35 Minn. 361, 29 N. W. 6; Whitaker v. Chicago, St. P. M. & O. Ry. Co., 115 Minn. 140, 131 N. W. 1061. Appellants offered evidence to prove proper icing, but the force of this evidence is weakened by further evidence from some of appellants' witnesses that when the train arrived at Canton, Mississippi, the ice bunkers were empty, and that in such case proper care requires that the car be run into the icing station and ventilated. There is no claim that this was done. The evidence is plainly sufficient to sustain the finding of negligence.

3. The respondent gave some testimony as to the amount realized from the sale of the vegetables, using an account book as a memorandum. Counsel for appellants on cross-examination asked that the book be received in evidence. In offering it he said: "The purpose is to show that the witness is testifying from a book that is not a book of original entry, and is simply a memorandum made by some other person." We are of the opinion that there is here no prejudicial error.

We do not wish to be understood as holding that a memorandum used by the witness of one party may not be offered in evidence on cross-examination by the adverse party. A memorandum may be used to quicken the memory of a witness, so that at last he testifies from his own recollection as refreshed and quickened; or it may be used where the witness has no independent recollection of the facts, even after seeing it, but recollects having seen it before, and remem-

bers that at the time he saw it he knew the contents to be correct. 1 Greenleaf, Evidence, § 437; Culver v. Scott & Holston Lumber Co. 53 Minn. 360, 365, 55 N. W. 552; 1 Wigmore, Evidence, § 725, et seq.

The memorandum here used is within the latter class. We believe the better opinion is that, when a memorandum is so used, it may be offered in evidence by the adverse party. 1 Wigmore, Evidence, § 754; Mt. Terry v. White, 10 S. D. 620, 74 N. W. 1060. This memorandum should have been received, but it has not been made to appear that the error in rejecting it prejudiced any substantial right of appellants, and for several reasons:

First. The document has not been made a part of the settled case and is not returned to this court. We cannot accordingly rule upon its propriety as a memorandum. Johnson v. Howard, 51 Minn. 170, 53 N. W. 363; Carlton v. Carey, 83 Minn. 232, 86 N. W. 85.

Second. It does appear, however, that the purpose of offering it was to show that it was not a proper memorandum, because not a book of original entry, and because not made by the witness. Neither requirement was necessary to its use as a memorandum. It is not essential that a memorandum used by a witness should be a book of original entry, or that it should have been made by the witness, if he saw it while the facts were fresh in his mind and can verify its correctness.

Third. It further appears that the memorandum was submitted to the inspection of the court, the case was tried by the court without a jury, and, so far as appears, the court could determine its propriety as a memorandum as effectually as though it had been formally received in evidence. See Commonwealth v. Jeffs, 132 Mass. 5; 1 Wigmore, Evidence, § 754, and cases cited.

Judgment affirmed.