# PRESLEY FRUIT COMPANY v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.[1]

June 18, 1915.

Nos. 19,259—(174).

**Carrier — exceptions to liability as insurer.**

1. Generally a common carrier is an insurer of the safe delivery at destination of property committed to it for transportation. There are some exceptions. One exception is that when the property suffers injury of a character arising out of the inherent nature or tendency of the property to decay, the carrier is not liable if his own negligence did not occasion the injury.

**Same — erroneous charge.**

2. In such cases, if the property is delivered to the carrier in good condition and arrives at destination in damaged condition, a *prima facie* case of negligence of the carrier is made out. It is error to instruct the jury that such facts raise a strong presumption of negligence of the carrier.

**Disputed question of fact.**

3. An expression of opinion by the court upon disputed questions of fact is not reversible error, if the issue of fact is clearly submitted to the jury for its determination, but the court may not give to the jury an improper rule of law for their guidance in determining the facts.

**Sale — subsequent appropriation by seller — passing of title.**

4. Where on a sale of goods not specific, which are to be selected and appropriated to the contract by the seller, the seller selects and ships goods, taking a bill of lading to the buyer as consignee, *prima facie* the title passes.

**Passing of title — draft with bill of lading attached.**

5. If he reserves possession of the bill of lading, drawing on the buyer for the price and forwarding through a bank the draft with the bill of lading attached, with instruction to deliver the bill of lading only on payment of the draft, *prima facie* title does not pass until payment.

---

[1] Reported in 153 N. W. 115.

---

Note.—Generally as to passing of title to property by delivery thereof to a carrier for transportation to consignee or vendee, see note in 22 L.R.A. 415.

**Same — question of intent — deposit of price.**

6. The question is, however, one of intention of the parties, and where the goods are sold f. o. b. cars at point of shipment, and the buyer is required to furnish the seller a bank guaranty before shipment, and he does so, depositing the price with the guaranteeing bank to secure the guaranty, it is proper to instruct the jury as a matter of law that the title passes on delivery to the carrier.

Action in the district court for Ramsey county to recover $674 for injury to a carload of strawberries. The case was tried before Kelly, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $561.-52. Defendant's motion for judgment notwithstanding the verdict was denied and its motion for a new trial was denied, unless plaintiff consented to a reduction of the verdict by the sum of $32.64. From the order denying its motion for judgment notwithstanding the verdict and denying its motion for a new trial provided plaintiff consented to a reduction of the verdict, defendant appealed. Reversed and new trial granted.

*Briggs, Thygeson & Everall* and *Monte Appel,* for appellant.
*T. P. McNamara,* for respondent.

HALLAM, J.

This action is brought to recover damages claimed to have been suffered by reason of the negligence of defendant in carrying a carload of strawberries from Bald Knob, Arkansas, to St. Paul, Minnesota, in May, 1913. Plaintiff had a verdict. Defendant appeals.

1. Defendant is a common carrier. The general rule is that a common carrier is an insurer of the safe delivery at destination of goods committed to it for transportation, and it is liable for their loss in transit, whether the loss results from its fault or negligence or not. The Maggie Hammond, 9 Wall. 435, 19 L. ed. 772; Agnew v. Steamer Contra Costa, 27 Cal. 426, 87 Am. Dec. 87; Mershon v. Hobensack, 22 N. J. Law, 372. This is true whatever may be the nature of the goods, whether they be strawberries or cobble stones.

The rule, however, is subject to some exceptions. This absolute liability is in all cases qualified, where loss or damage results from the nature and inherent tendencies of the thing carried. Baltimore & Ohio R. Co. v. Dever, 112 Md. 296, 75 Atl. 352; White v. Minneapolis & R. R. Ry. Co. 111 Minn. 167, 126 N. W. 533. In undertaking to carry strawberries the carrier assumes the obligation to deliver safely, having due respect to the tendency of strawberries to deteriorate and decay. The carrier is not liable for deterioration or decay of the property transported, resulting from natural causes, merely because the goods are being carried upon its cars. Where goods shipped suffer injury of a character arising out of their inherent nature, the liability of the carrier depends upon negligence, and the carrier is not liable, if his own negligence did not occasion or contribute to the injury. 6 Cyc. 381 (35); Rixford v. Smith, 52 N. H. 355, 13 Am. Rep. 42; Brown, Shipley & Co. v. Clayton, 12 Ga. 564; Janney v. The Tudor Co. 3 Fed. 814; Brandeis v. Chicago, B. & Q. Ry. Co. 164 Iowa, 702, 146 N. W. 825.

2. The evidence in this case is conflicting, but there is evidence which we believe sufficient to submit to a jury that the berries were delivered to defendant at Bald Knob in good condition and that they arrived in St. Paul, heated, moldy and decayed. The learned trial court charged the jury that they would "be justified in finding that such condition is strong presumptive evidence that the defendant company was negligent." Exception was taken to this portion of the charge. We consider this instruction erroneous. The facts stated do raise a presumption of negligence (Fockens v. United States Express Co. 99 Minn. 404, 109 N. W. 834; Brennisen v. Pennsylvania R. Co. 101 Minn. 120, 111 N. W. 945; Whitaker v. Chicago, St. P. M. & O. Ry. Co. 115 Minn. 140, 131 N. W. 1061; Ammon v. Illinois Cent. R. Co. 120 Minn. 438, 139 N. W. 819), but, when the articles transported are as prone to decay as are strawberries shipped for long distances in the month of May, we are of the opinion that it is error to instruct the jury as a rule of law that their decay in transit furnishes a strong presumption of negligence of the carrier. These facts raise only a *prima facie* presumption of negligence, and in the case of such highly perishable goods, if the presumption were to be char-

acterized at all, we should consider it weak rather than strong. This instruction gave to the jury an improper rule of evidence, and it was error for which a new trial must be granted. See Westbrook v. Howell, 34 Ill. App. 571, 574; Weisinger v. Bank, 78 Tenn. 330, 337.

3. An expression of opinion by the court upon disputed questions of fact is not reversible error, if the issues of fact are nevertheless clearly submitted to the jury for its determination. Ames v. Cannon River Mnfg. Co. 27 Minn. 245, 6 N. W. 787; First National Bank of Decorah v. Holan, 63 Minn. 525, 529, 65 N. W. 952; Bonness v. Felsing, 97 Minn. 227, 106 N. W. 909, 114 Am. St. 707; Dobsloff v. Nichols-Chisholm Lumber Co. 101 Minn. 267, 270, 112 N. W. 218; Larson v. Barlow, 112 Minn. 246, 249, 127 N. W. 924. But the court may not give to the jury an improper rule of law for their guidance in determining the facts. Dobsloff v. Nichols-Chisholm Lumber Co. 101 Minn. 267, 112 N. W. 218. This we conceive was the effect of the instruction given.

4. For purposes of a new trial we may say that we approve the ruling of the court that the proof was conclusive that plaintiff was the owner of the berries during transit. This was the common case of purchase of goods not specific which were to be appropriated to the contract by the seller. The seller selected and shipped the goods, taking a bill of lading to plaintiff as consignee. If this fact stood alone, plaintiff's title would have been clear. The consignee of a shipment is presumed to be the owner of it. Benjamin v. Levy, 39 Minn. 11, 38 N. W. 702; Dyer v. Great Northern Ry. Co. 51 Minn. 345, 53 N. W. 714, 38 Am. St. 506; Ammon v. Illinois Cent. R. Co. 120 Minn. 438, 139 N. W. 819. But the presumption is not absolute. It may be rebutted by proof that the consignor retained title in himself. It is urged that, since the shipper retained the bill of lading and forwarded through the banks a draft for the price of the goods, with the bill of lading attached, with instructions to deliver the bill of lading on payment of the draft, the presumption that title passed to plaintiff was thereby rebutted. If this fact stood alone the contention would be well taken, for *prima facie* the conduct of the shipper in reserving possession of the bill of lading and for-

warding a draft with the bill of lading attached, with instructions to deliver the bill of lading only on payment of the draft, constitutes a reservation of title in the shipper. Freeman v. Kraemer, 63 Minn. 242, 65 N. W. 455. But this fact does not stand alone. The further evidence is as follows: One of plaintiff's witnesses testified that plaintiff owned the car of berries, that it bought them from the vendor's broker f. o. b. shipping point. Plaintiff's secretary testified that plaintiff paid for the berries "by bank guaranty." As stated in his own words: "We had to go to our bank and have them wire guaranty as soon as the carload of strawberries was loaded, that they can draw on the bank down there on us, and that holds us," and "we have to deposit our check with the bank before they will send the bank guaranty." In other words, plaintiff had deposited the price with the guaranteeing bank to await the arrival of the goods. We think the situation is not different in principle from what it would be if plaintiff had paid for the goods in advance to the vendor, in which case plainly the title would have passed to the purchaser upon delivery to the carrier. Merchants' Exchange Bank v. McGraw, 59 Fed. 972, 8 C. C. A. 420, while differing from this case in its facts, in the principle it follows tends to sustain this view.

Order reversed and new trial granted.