# HANSEN-PETERSON COMPANY v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY AND OTHERS.[1]

October 30, 1925.

No. 24,924.

**Connecting interstate carrier liable for damage due to its negligence, but burden of proof on plaintiff.**

1. Under the common law, a connecting common carrier, engaged in interstate commerce, is liable for damages to goods, occurring on its line as a result of its negligence, but in such a case the burden of proof is upon the plaintiff to show that the damage occurred while the shipment was being transported over such carrier's line.

**Liability of initial carrier under Carmack-Cummins Amendment.**

2. By the Carmack-Cummins Amendment, the initial carrier, with certain exceptions, is made liable for any damages occurring either on

[1]Reported in 205 N. W. 605.

its own line or on the line of any of the connecting carriers, but the remedy given shippers under such amendment, does not abrogate the common law rule as to intermediate or connecting carriers.

**Presumption that proved condition of goods, when taken by initial carrier, continued until delivery to last carrier.**

3. The condition in which goods were delivered to the initial carrier having been shown, the presumption arises that the goods continued in the same condition down to the time of their delivery to the carrier completing the transportation.

1. See Carriers, 10 C. J. pp. 541, § 894; 556, § 923.
2. See Carriers, 10 C. J. p. 543, § 896.
3. See Carriers, 10 C. J. p. 556, § 924.

2. See notes in 44 L. R. A. (N. S.) 257; 50 L. R. A. (N. S.) 819. 4 R. C. L. p. 811; 1 R. C. L. Supp. 1217; 5 R. C. L. Supp. 257.

Action in the district court for Hennepin county for depreciation of fruit in transportation. The case was tried before Waite, J., who ordered judgment in favor of defendants. Plaintiff appealed from an order denying its motion for a new trial. Affirmed.

*G. H. Smith,* for appellant.

*Sanborn, Graves & Ordway* and *Emmet Trainor,* for respondents.

QUINN, J.

Action to recover damages to a carload of grapes, sustained while in transit from Amphers, California, over the line of six different carriers to Ely, Minnesota. The cause was tried to the court, findings were made and judgment ordered against the plaintiff. The plaintiff moved for amended findings or for a new trial, and appealed from an order denying its motion.

The grapes were in good condition, properly loaded and delivered to the Central California Traction Company, as the initial carrier, under a bill of lading issued by it on October 15, 1921. On the following day, the shipment was delivered, in good condition, to the respondent, The Atchison, Topeka & Santa Fe Railway Company, and by it transported to Kansas City, Missouri, where it was trans-

ferred by that company to another connecting carrier, the identity of which is not disclosed by the record. The shipment was then transported over the undisclosed line and delivered to the Great Northern Railway Company, which delivered it to the Northern Pacific Railway Company, which in turn delivered it to the defendant, Duluth & Iron Range Railroad Company, and that carrier delivered the shipment to the owner thereof at Ely, Minnesota, in a damaged condition. Neither the Great Northern nor the Northern Pacific enters Kansas City, nor was either of them or the undisclosed line made parties to this suit.

The Iron Range Railroad Company was the terminal carrier, which received the grapes at Duluth, from the Northern Pacific Railway Company, in a damaged condition, and in that condition transported the same to Ely and delivered them to the owner. The damage to the grapes was caused by deterioration in quality, due to impeded ventilation. They were in good condition when received by the Santa Fe and there is no evidence that they were in damaged condition while in the possession of that company. The record is silent as to the condition of the shipment when it was transferred by the Santa Fe to the undisclosed carrier at Kansas City. The trial court found that: "The evidence fails to show that said shipment was not delivered by said Santa Fe Ry. to the next connecting carrier in as good condition as when received, and without negligence or fault of any sort in the transportation thereof; and the court therefore finds that it was so transported without negligence and delivered in good condition."

The decisive question in this litigation is whether, under the circumstances, the burden of proof is upon the plaintiff to show that the grapes were in a damaged condition while on the Santa Fe line, or was the burden upon the carrier to show in the first instance, by extrinsic evidence, that it delivered the shipment to the next connecting carrier in as good condition as when received from the initial carrier? The contention of the plaintiff being that, under the bill of lading and the common-law rule of liability of a connecting carrier, all connecting carriers are subject alike to the terms of

the bill of lading and, in case damage results from a defect or vice in the article shipped, the burden of proof is upon the carrier sued to show freedom from negligence. The contract provides that

"Except in case of negligence of the carrier or party in possession (and the burden to prove freedom from such negligence shall be on the carrier or party in possession), the carrier or party in possession shall not be liable for loss, damage or delay occurring while the property is stopped or held in transit * * * or resulting from a defect or vice in the property."

The finding is, in the instant case, that the damaged condition of the grapes was due to the jarring of the car in excess of such jarring as was normally incident to such transportation, by reason thereof the grapes were disturbed, some spilled and crushed, ventilation impeded, and the quality thereof substantially impaired.

Was the burden of proof upon the respondent to show, in the first instance, in order to escape liability, that the shipment, which it received in good condition, was in the same condition, when it delivered the same to the undisclosed connecting carrier at Kansas City, as it was when received from the initial carrier at Stockton? The shipment being in good condition when received from the initial carrier, the presumption is, in the absence of proof, that it was in the same condition when delivered by the respondent to the next connecting carrier at Kansas City. Under the common-law rule, the liability of a connecting carrier, for the safety of property delivered to it for transportation, commences when it is received and is discharged when the same is delivered to and accepted by a succeeding carrier or its authorized agent. Pratt v. Railway Co. 95 U. S. 43, 24 L. ed. 336. The settled Federal rule is that, in the absence of statute or special contract, each connecting carrier, on a through route, is bound only to safely carry over its own line and safely deliver to the next connecting carrier. Myrick v. Michigan Cent. R. Co. 107 U. S. 102, 107, 1 Sup. Ct. 425, 27 L. ed. 325; Railroad Co. v. Manufacturing Co. 16 Wall. 318-324, 21 L. ed. 297.

The Cummins Amendment deals with and modifies the common-law liability only of the initial carrier. It renders that carrier

liable for loss or damage to the shipment committed to its care throughout the entire route until delivered to the consignee, but it leaves the relation of all connecting carriers, to the shipper or consignee and to each other, unaffected. Atlantic Coast Line R. Co. v. Riverside Mills, 219 U. S. 186, 31 Sup. Ct. 164, 55 L. ed. 167, 31 L. R. A. (N. S.) 7; Adams Exp. Co. v. Croninger, 226 U. S. 491-511, 33 Sup. Ct. 148, 57 L. ed. 314, 44 L. R. A. (N. S.) 257; Oregon-Washington R. & N. Co. v. McGinn, 258 U. S. 409, 42 Sup. Ct. 332, 66 L. ed. 689. The Carmack and Cummins Amendments (U. S. Comp. St. §§ 8604a, 8604aa), were enacted to enable the holder of the bill of lading to sue the initial carrier for any loss or damage to property, sustained on any part of a through route, and thereby to relieve him from the necessity of searching out and proving a case against a terminal or intermediate carrier. 219 U. S. 186, supra, p. 200, 31 Sup. Ct. 164, 55 L. ed. 167, 31 L. R. A. (N. S.) 7; see McGinn case, 258 U. S. 409, 42 Sup. Ct. 332, 66 L. ed. 689, supra. Under the provisions of the bill of lading, in the instant case, considered in connection with the holdings of the Supreme Court, there can be no doubt as to the obligations of the plaintiff in a suit against an intermediate carrier. It is clear that, as a condition precedent to maintaining a suit for damages to shipments against an intermediate carrier, plaintiff must show that the loss or damage occurred on the line of the intermediate carrier.

In the case of the C. & N. W. Ry. Co. v. Whitnack Produce Co. 258 U. S. 369, 42 Sup. Ct. 328, 66 L. ed. 665, the Supreme Court approved the common-law rule as to the burden of proof in suits against connecting carriers, as stated in Hutchinson, Carriers (3d) § 1348, in the following language:

"It is established doctrine that the rights and liabilities in respect of damage to goods moving in interstate commerce under through bills of lading depend upon acts of Congress, agreements between the parties and common-law principles accepted and enforced in the Federal courts. New York Central & Hudson River R. R. Co. v. Beaham, 242 U. S. 148, 151. While this court has not expressly approved it, we think the common-law rule, supported both by rea-

son and authority, is correctly stated in Section 1348, Hutchinson on Carriers, 3d ed.:

" 'A connecting carrier, who has completed the transportation and delivered the goods to the consignee in a damaged condition or deficient in quantity, will be held liable in an action for the damage or deficiency, without proof that it was occasioned by his fault, unless he can show that he received them in the condition in which he has delivered them. The condition and quantity of the goods when they were delivered to the first of the connecting carriers, being shown, the presumption will arise that they continued in that condition down to the time of their delivery to the carrier completing the transportation and making the delivery to the consignee, and that the injury or loss occurred while they were in his possession.' "

It is a rule of evidence that things, once proved to have existed in a particular state, are presumed to have continued in that state until the contrary is shown. So, where goods pass over a line of several carriers, there being no evidence to the contrary, the presumption arises that the condition of the goods, when delivered to the first connecting carrier, continues down to the time of their delivery to the carrier completing the transportation. Shriver v. S. C. & St. P. R. Co. 24 Minn. 506, 31 Am. Rep. 353; Fockens v. U. S. Exp. Co. 99 Minn. 404, 109 N. W. 834; Brennisen v. Penna. R. Co. 100 Minn. 102, 110 N. W. 362, 10 Ann. Cas. 169; Brennisen v. Penna. R. Co. 101 Minn. 120, 111 N. W. 945; Smith v. New York Cent. R. Co. 43 Barb. 225; Laughlin v. Chicago & N. W. Ry. Co. 28 Wis. 204, 9 Am. Rep. 493. Under the Cummins Amendment, the initial carrier is responsible for the entire damage, irrespective of whether the same occurred upon its line or upon the line of some intermediate carrier, but this right does not extend to connecting or intermediate carriers. Adams Exp. Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. ed. 314, 44 L. R. A. (N. S.) 257; Missouri, K. & T. Ry. Co. v. Harris, 234 U. S. 412, 34 Sup. Ct. 790, 58 L. ed. 1377, L. R. A. 1915E, 942. He may have his remedy against an intermediate carrier for damage which occurred upon its line only, but not for any loss occurring otherwise, and in such case the

burden is upon the shipper to show that such loss occurred upon the line of the defendant.   Southern Ry. Co. v. Avey, 173 Ky. 598, 191 S. W. 460.

When plaintiff has shown that the damage occurred while the shipment was in the possession of the intermediate carrier, then the burden is upon such carrier to prove freedom from negligence.   In this case, there was a presumption that the Santa Fe Company delivered the shipment in the same condition as it was when received to the next connecting carrier at Kansas City and such presumption continues until the shipment is delivered to the last connecting carrier.   This presumption was, however, overcome by proof by the terminal carrier.   After such proof was offered, the presumption then was that the damage occurred on the line of the next preceding carrier.

The bill of lading provides that a carrier shall not be liable for loss or damage or delay to property, resulting from such natural causes as decay, unless such decay is caused by the negligence of the carrier.   But, before the carrier sued is required to prove that the damage was not caused by its negligence, such as failure to ice, etc., the plaintiff must show that the damage occurred on such line.   This rule does not apply, of course, where suit is brought against the initial carrier under the Carmack-Cummins Amendment.

Affirmed.